# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES VAN PELT,** ) | |
| ) | |
| **Claimant,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-07-S-770-NE** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Claimant James Van Pelt commenced this action on April 27, 2007, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and denying his claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the subjective symptoms associated with his post-traumatic stress disorder (PTSD). Upon review of the record, the court concludes this contention is without merit.

To demonstrate that pain or another subjective impairment renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). Further, claimant alleges disability as of December 31, 1988, and he last met the insured status requirements of the Social Security Act on December 31, 1993.[1] Claimant therefore bore the burden of proving disability on or prior to December 31, 1993. *See* 42 U.S.C. § 423(a) and (c); 20 C.F.R. §§ 404.101, 404.130, and 404.131; *Ware v. Schweiker,* 651 F. 2d 408, 411 n.3 (5th Cir. July

---

[1] Tr. at 13.

1981).[2]

The ALJ concluded that, while claimant suffered from medically determinable impairments that could reasonably have been expected to produce his alleged symptoms, his statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. He also concluded that the medical evidence prior to December 31, 1993 did not support a finding of disability. The record amply supports those conclusions.

Claimant reports that his nightmares and other symptoms of PTSD began prior to December 31, 1993, and the medical records do make some reference to possible symptoms occurring prior to that date.[3] Even so, the medical records from that period of time do not indicate that claimant's symptoms rose to a disabling level of severity.[4] Indeed, claimant did not even receive a diagnosis of PTSD until 1998.[5] At that time, the examining physician rated claimant's PTSD as moderate,[6] and the Department of Veterans Affairs assigned him only a 50% service-connected disability.[7] At no time

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3]*See* Tr. at 105, 230-32.

[4]*See* Tr. at 235-37, 407-37.

[5]Tr. at 230-32.

[6]Tr. at 232.

[7]Tr. at 115, 118. Even if the VA had assessed complete disability, its assessment would not be binding on the Commissioner. *See* 20 C.F.R. § 404.1504 ("A decision by any nongovernmental

did any medical source characterize claimant's PTSD symptoms as any more than moderate.[8]  Further, claimant alleges that his PTSD symptoms all originate from his service in the Vietnam War, yet he continued to work for several years after the war. This indicates that claimant's PTSD has not always been disabling, and the court cannot rely upon the presence of a few symptoms to support a finding of disability, absent any medical evidence that the symptoms rose to a disabling severity during the relevant time period.

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 17th day of December, 2007.

_____
United States District Judge

---

agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind.  We must make a disability or blindness determination based on social security law.  Therefore, a determination made by another agency that you are disabled or blind is not binding on us.").

[8]Medical providers have at times stated that the severity of claimant's PTSD is difficult to determine because of his alcohol abuse.  *See, e.g.,* Tr. at 124, 127, 232.